BILLY G. NEWSOM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Newsom v. Commissioner
Docket No. 599-74.
United States Tax Court
T.C. Memo 1974-265; 1974 Tax Ct. Memo LEXIS 53; 33 T.C.M. (CCH) 1188; T.C.M. (RIA) 740265; October 10, 1974, Filed. Billy G. Newsom, pro se. Robert B. Nadler, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency *54 in petitioner's Federal income tax for the taxable year 1972 in the amount of $609 and an addition to tax under the provisions of section 6653(a) of the Internal Revenue Code[1] in the amount of $30.45. Petitioner has conceded some of the adjustments made by the Commissioner in his statutory notice of deficiency. The only issues remaining for our decision are whether petitioner is entitled to claim certain dependency exemptions, whether he is entitled to use the head of household rate of tax and whether he is liable for the penalty. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibit are incorporated by reference. Petitioner, at the time he filed his petition, resided at Kingsport, Tennessee. He filed his individual Federal income tax return with the Director, Internal Revenue Service Center, Memphis, Tennessee. Prior to 1972 petitioner was divorced from his wife and from January 1, 1972 until sometime in July 1972, their two minor children, Vicky Marie and Cheryl Mae, resided with their mother away from petitioner. *55 In July 1972, petitioner's former wife was killed in an automobile accident. The children took up residence with their grandparents which continued throughout the remainder of 1972. At no time during 1972 did petitioner's children reside with him. Prior to 1972 petitioner suffered severe attacks of bursitis in his shoulders and knees, resulting in termination of his employment. Prior to 1972 Joyce Bellamy, an adult, moved into petitioner's residence and resided with him throughout 1972. Petitioner and Miss Bellamy were married in 1973. Miss Bellamy resided with petitioner in 1972 to assist him during his periods of incapacity resulting from bursitis. Petitioner paid Miss Bellamy no salary but did, from time to time, give her money for clothing. During 1972 Miss Bellamy cleaned petitioner's house, prepared the meals and did the laundry. Miss Bellamy did not receive support from anyone other than petitioner. OPINION Petitioner claimed dependency exemptions for his two minor children, neither of whom resided with him during the taxable year 1972. Petitioner served subpoenas and tendered witness fees for his two minor children who resided, at time of trial, with their *56 grandparents in the State of West Virginia. When the case was called for trial in Knoxville, Tennessee, a motion to quash the subpoenas was filed and argued by an attorney who appeared in behalf of the children. Because there appeared to be a dispute between the grandparents and petitioner over the custody of the children and because affidavits were filed on behalf of the children by their school teachers indicating that absence from school would be harmful, petitioner was requested to state what he intended to prove through the testimony of the two minor children. He stated that he would show he mailed cash to them during 1972 not exceeding $150. Respondent offered to so stipulate and also advised the Court that he would offer no testimony to show that anyone other than petitioner contributed to the support of the children. The presence of the children would not aid petitioner in presenting his case; therefore, we granted the motion to quash the subpoenas. Because we felt petitioner should have the opportunity to appeal our ruling on the motion to quash, which he could not do under the small tax case procedure, we advised petitioner of his right of appeal if the proceedings were *57 discontinued under the small tax case procedure. He stated he desired to protect his right to appeal and respondent made no objection. We, therefore, discontinued the proceedings under section 7463 of the Code and proceeded to hear the case under the other Rules of Practice and Procedure. See Rule 172(d), Tax Court Rules of Practice and Procedure.
Petitioner refused to offer proof of support of his two minor children during the taxable year 1972 without the benefit of their testimony. Petitioner, to be entitled to deductions for the personal exemptions of his two minor children, must prove that he provided $1,200 or more for their support because he was not the custodial parent of the children during the taxable year. Sec. 152(e) (2) (B), Internal Revenue Code. Petitioner has refused and, therefore, failed to prove the amount of support for the children and cannot be allowed to claim them as dependents. Petitioner also claimed as a dependent, Joyce Bellamy, whom he married in 1973, the year following the taxable year before us. During the year in issue Miss Bellamy resided in petitioner's home and there is no evidence that she received support from *58 other sources. We conclude from the evidence that Miss Bellamy was not a dependent of petitioner during 1972, but was, instead, more in the nature of an employee. He is not, therefore, entitled to a deduction for her as a dependent. William Thomas Hamilton, 34 T.C. 927 (1960). Because Miss Bellamy was not a dependent and because petitioner's minor children did not reside with him during the taxable year, he did not maintain a household which constituted a principal place of abode for a dependent and is, therefore, not entitled to use head of household rates provided by section 1(b) (1) (B), Internal Revenue Code. See section 2(b), Internal Revenue Code. Petitioner conceded the correctness of the Commissioner's disallowances in full of the deductions he claimed for contributions, education expense, interest, medical expenses and other itemized deductions. Under such circumstances the negligence penalty provided by section 6653(a) of the Internal Revenue Code is appropriate and was properly asserted by the Commissioner. Decision will be entered for the respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954, as amended. ↩